# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROCKY WALKER and )
KRISTI WALKER, )
 )
        **Plaintiffs,** )
 )
vs. ) Case No. 09-CV-556-TCK-PJC
 )
PROGRESSIVE DIRECT )
INSURANCE COMPANY, )
 )
        **Defendant.** )

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion for New Trial (Doc. 71) and Motion for Hearing (Doc. 77).

**I.    Background[1]**

On June 12, 2009, Plaintiffs brought suit against Defendant Progressive Direct Insurance Company ("Progressive") in the District Court in and for Tulsa County, State of Oklahoma, asserting a single claim of bad faith and requesting punitive damages. The case was removed, and the Court subsequently granted Progressive's Motion for Summary Judgment, finding Plaintiffs had not demonstrated a genuine issue for trial. Plaintiffs now move for relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), arguing that the Court should amend its summary judgment order.

**II.    Discussion**

A motion to alter or amend judgment pursuant to Rule 59(e) should be granted only to address (1) an intervening change in controlling law; (2) new evidence previously unavailable; or

---

[1] A more extensive factual background is provided in the Court's summary judgment order and incorporated herein. (*See* Doc. 66.)

(3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In this case, Plaintiffs' response to Progressive's Motion for Summary Judgment was sparse in terms of substantive argument. For example, in the approximately six pages of argument provided by Plaintiffs (*see* Resp. to Def.'s Mot. for Summ. J. 16-22), there was very little explicit discussion of how the facts of the instant case satisfy the bad faith standard under Oklahoma law. Although Plaintiffs provided various case summaries and legal standards, Plaintiffs did not provide accompanying evidentiary analysis of the facts presented here. (*See id.* 18-21.) Rather, Plaintiffs generally claimed that Progressive conducted an "untimely" and "improper" investigation and supported such claim with only two pieces of evidence – namely, (1) Progressive's handling of the "third key issue" and (2) the photographs from Plaintiffs' Branson vacation, (*see id.* 17, 21). The Court addressed these two items in its summary judgment order and found that Plaintiffs had not met their burden of demonstrating a genuine issue for trial on the basis of such evidence, as required under Federal Rule of Civil Procedure 56(e).

Plaintiffs now seek amendment of the Court's summary judgment Order, and in so doing, rehash arguments surrounding the third key and Plaintiffs' vacation photographs. Plaintiffs' Motion for New Trial also contains new arguments which were notably excluded from the summary judgment briefing. For example, Plaintiffs now cite discovery responses as evidence that they suffered emotional distress and embarrassment as a result of Progressive's treatment of their claim. (*See* Mot. for New Tr. 9.) Plaintiffs also include argument regarding, *inter alia*, Progressive's knowledge of the "red flags" of fraud, what was communicated to Plaintiffs by Progressive and

when such communications took place, Progressive's allegedly incomplete efforts at determining whether the Vehicle could have been driven without keys, and the value of Plaintiffs' claim as determined by Progressive.

The Court finds that because these arguments "revisit issues already addressed [in the summary judgment briefing] or advance arguments that could have been raised in prior briefing," *Servants of Paraclete*, 204 F.3d at 1012, Plaintiffs are not entitled to relief under Rule 59(e). Plaintiffs were afforded an opportunity to demonstrate a genuine issue for trial in responding to Defendants' Motion for Summary Judgment. However, as previously noted, Plaintiffs failed to provide sufficient evidentiary support and argument necessary to make such a showing at the summary judgment stage. Plaintiffs now seemingly seek another "bite of the apple" in their Rule 59(e) motion. Because this is an improper use of Rule 59(e), and because Plaintiffs have not demonstrated clear error or manifest injustice, the Court denies Plaintiffs' motion and request for a hearing.

**III. Conclusion**

For the reasons outlined herein, Plaintiffs' Motion for New Trial (Doc. 71) and Motion for Hearing (Doc. 77) are DENIED.

SO ORDERED this 2nd day of August, 2011.

_____
**TERENCE C. KERN**
**United States District Judge**